**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**MAUREEN WOODHOUSE**,

                Plaintiff

    vs.

**SANOFI-AVENTIS,**

             Defendant

CASE NO. _____ `3:11-cv-113`

**SANOFI-AVENTIS U.S. LLC'S MOTION TO DISMISS**

In lieu of filing an answer to Plaintiff's Original Petition ("Petition"), Defendant sanofi-aventis U.S. LLC ("sanofi-aventis"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss Plaintiff's claims against it for failure to state a claim.

**I.     INTRODUCTION**

On December 3, 2010, Plaintiff filed this lawsuit against sanofi-aventis alleging several causes of action in connection with her alleged ingestion of sanofi-aventis' FDA-approved prescription sleep aid, Ambien®.  *See* Plaintiff's Original Petition at p. 2-3.  Plaintiff claims that during her use of Ambien®, she "was placed in a trance like state by usage of said product causing her to suffer severe physical and emotional trauma."  *See id*. at p.2, "FACTS."  These are the <u>only</u> facts alleged in the Petition.

Because Plaintiff's Petition fails to contain "sufficient factual matter … to state a claim to relief that is plausible on its face," Plaintiff's Petition against sanofi-aventis fails to meet the

minimum pleading standard under federal law and should be dismissed.[1]  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.      ARGUMENT

### A.      LEGAL STANDARD

The "short and plain statement" standard of Federal R. Civ. P. 8(a)(2) exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes omitted).  Claims may be dismissed under Rule 12(b)(6) "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Vines v. City of Dallas*, 851 F. Supp. 254, 259 (N.D. Tex 1994), *aff'd*, 52 F.3d 1067 (5th Cir. 1995); *accord Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998).  Although the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff," *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010), a complaint must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citations omitted).

### B.      PLAINTIFF FAILS TO GIVE FAIR NOTICE OF HER CLAIMS

Plaintiff cryptically conveys in her Petition that Ambien® caused a "trance like state," which "caus[ed] her to suffer severe physical and emotional trauma."  Two paragraphs later, Plaintiff states in yet another way, that Ambien® "caused Plaintiff to experience a sleep walk like condition."  *Id*.  Nowhere does Plaintiff tie these scant facts to any unlawful conduct by

---

[1] Though the Petition was originally filed in state court prior to sanofi-aventis' removal of the case to this Court, federal pleading standards, including those set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), apply to the Petition nonetheless.  *See* Fed. R. Civ. P. 81(c) ("[The Federal Rules of Civil Procedure] apply to a civil action after it is removed from a state court."); *see also Maness v. Boston Scientific*, 2010 U.S. Dist. Lexis 118748, at *9 (E.D. Tenn. Nov. 4, 2010) ("[A]ll claims, once removed to federal court, are subject to federal pleading requirements."); *Braden v. Tornieri, Inc.*, 2009 WL 3188075, at *2 (W.D. Wash. Sept. 30, 2009) (holding that the federal rules, as well as the federal pleading standards announced in *Twombly* and *Iqbal*, apply to removed cases); *accord Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar & Christenson, P.A.*, 2009 WL 5185770 (D. Minn. Dec. 22, 2009).

sanofi-aventis. *See generally* Petition.  In short, Plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S.Ct. at 1949; *see also Steen v. Medtronic, Inc*., 2010 WL 2573455, at *1 (N.D. Tex. Jun. 25, 2010) (recognizing that the plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully) (citations omitted).

### C.   PLAINTIFF'S CAUSES OF ACTION ARE MERE LEGAL CONCLUSIONS

To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Dismissal is proper in the absence of sufficient facts to support a cognizable theory. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).   Here, Plaintiff attempts to assert strict products liability, negligence, and breach of express and implied warranty causes of action against sanofi-aventis in her section entitled "LIABILITY OF SANOFI-AVENTIS," *See* Petition at p. 3-4.  But Plaintiff fails to allege a single fact tying any wrongful conduct by sanofi-aventis' to these claims and, instead, merely recites legal conclusions.  Because she fails to allege sufficient facts to meet the pleading standards set forth in *Twombly* and *Iqbal*, Plaintiff's claims should be dismissed.

### 1.   Design Defect

In support of her design defect claim, Plaintiff merely asserts the conclusory statements that Ambien® "was defective and unsafe for its intended purposes" and that it "failed in its design and the product was defectively designed and unreasonably dangerous in that it caused Plaintiff to experience a sleep walk like condition." *See* Petition at p. 2.  Plaintiff does not specify *how* the design of the product was defective, facts necessary to state a claim against sanofi-aventis. *See Steen*, 2010 WL 2573455, at *2-4 (noting that "Plaintiff simply states that Defendant manufactured and sold a defective and unsafe product.  Plaintiff makes no factual

allegations showing *how* the [product] was 'defectively designed and unreasonably dangerous'" and holding that such unsupported allegations of strict liability, negligence, and failure to warn fail federal pleading standards).

Plaintiff goes on to state that "the defect in design was a producing cause of the injuries and damages set forth below." But sanofi-aventis is left to wonder as to the nature and extent of the injuries allegedly caused by sanofi-aventis' product, which is not mentioned in the Petition. Moreover, Plaintiff fails to assert how any defect in the design of Ambien® caused these unspecified injuries. Simply put, these allegations fail to identify sufficient facts or law to "plausibly suggest[] … that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotes omitted).

## 2.      Warning Defect

Plaintiff also alleges that sanofi-aventis "fail[ed] to place the Ambien on the market with a warning to the users of the device that the Ambien might cause severe unintended reaction." Petition at p. 4. Besides the fact that Ambien is not a "device," Plaintiff fails to provide <u>any</u> facts supporting her broad allegation of some unidentified "severe unintended reaction." These are obviously just boilerplate recitations of legal conclusions and "are not entitled to the assumption of truth. While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. *See also Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions ….") (internal quotations omitted).

Moreover, Plaintiff does not mention any warnings given to the physician who prescribed Ambien® to her. Because Ambien is an FDA-approved medication that can only be obtained through prescription by a licensed physician, sanofi-aventis' duty to warn runs to the prescribing

4

physician, who acts as a learned intermediary, rather than to the patient. *Reyes v. Wyeth Labs* 498 F.2d 1264, 1276 (5th Cir. 1974). Indeed, the learned intermediary doctrine applies to all of Plaintiff's claims, each of which is premised on sanofi-aventis' alleged failure to warn. *See In re Norplant Contraceptive Prods. Liab. Litig.*, 955 F. Supp. 700, 709 (E.D. Tex. 1997) *aff'd* 165 F.3d 374 (5th Cir. 1999). Because Plaintiff fails to mention any failure or inadequacy in the warnings sanofi-aventis provided to her prescribing physician, Plaintiff's warning claims fail to state a claim for that additional reason. *See Tyler v. Bristol-Meyer Squibb*, 2010 WL 1664967 (D. Neb. Apr. 23, 2010) (dismissing plaintiff's claims because he failed to plead inadequate warnings to doctors under the learned intermediary doctrine).

### 3.   Negligence

Similarly, Plaintiff's negligence claims are woefully inadequate. In support of her claims, Plaintiff states that sanofi-aventis "fail[ed] to use due care in the manufacture of the Ambien or the component parts thereof," and that sanofi-aventis "fail[ed] to use due care to test and/or inspect the Ambien or the component parts thereof to determine its durability and function ability for the purpose for which it was intended." Petition at p. 3-4. These statements referencing "component parts" and "durability" are merely more boilerplate recitations with no real reference to sanofi-aventis' medication at all. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.")

### 4.   Warranties

Finally, Plaintiff alleges that sanofi-aventis "expressly and impliedly warranted to the public generally, that the Ambien was of merchantable quality and was safe and fit for the purpose intended" and that she "relied on these express and implied warranties and suffered the injuries and damages set forth below." *See* Petition at p. 4. As an initial matter, Plaintiff does

5

not assert that sanofi-aventis made any express warranties to <u>her</u>.  Further, Plaintiff does not state the nature of the express warranties allegedly made by sanofi-aventis or how any reliance on those alleged warranties caused Plaintiff's injuries.  Thus, Plaintiff has not stated a claim against sanofi-aventis.  *See Steen v. Medtronic, Inc.*, 2010 WL 2573455, at \*3 (N.D. Tex. Jun. 25, 2010) (finding that plaintiff did not state a warranty claim against the defendant where he "[did] not allege any facts showing when and how he received notice of such warranties nor [did] he allege facts showing that the [product] did not comport with such warranties.")

Indeed, sanofi-aventis and the Court would have to speculate as to what exactly was conveyed and in what manner.   *See Twombly*, 550 U.S. at 555 (The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level ….").  In sum, Plaintiff's allegations amount to what the Supreme Court described as "an unadorned, the-defendant-unlawfully-harmed-me-accusation," and do not state plausible claims for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### III.     SANOFI-AVENTIS DOES NOT WAIVE ANY DEFENSES

By filing this motion to dismiss, sanofi-aventis does not waive its right to assert any defenses, including insufficiency of process or service of process.  On February 22, 2011, Plaintiff attempted to serve "Sanofi-Aventis the maker of Ambien," which is a non-existent entity.  Thus, sanofi-aventis has not been properly served in this case as of the time of this filing.

### IV.     CONCLUSION

For the foregoing reasons, Defendant sanofi-aventis U.S., LLC respectfully asks this Court to dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted.

330503 v1

Respectfully submitted,

By:    /s/ Kathleen A. Frazier
      E. JAMES SHEPHERD
      State Bar No. 24008025
      E-Mail:  eshepherd@shb.com
      KATHLEEN A. FRAZIER
      State Bar No. 24043663
      E-Mail:  kfrazier@shb.com
      SHOOK, HARDY & BACON L.L.P.
      600 Travis, Suite 1600
      Houston, TX   77002-2992
      Telephone:   713/227-8008
      Telefax:       713/227-9508

      ATTORNEYS FOR DEFENDANT
      SANOFI-AVENTIS U.S. LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2011, I served DEFENDANT SANOFI-AVENTIS U.S., L.L.C.'S MOTION TO DISMISS on *Pro* Se Plaintiff in accordance with the Federal Rules of Civil Procedure as indicated below:

Maureen Woodhouse
9516 Desert Hills
El Paso, TX   79925
***CM-RRR No 7160 3901 9849 3479 4727***
*Pro Se Plaintiff*

          /s/ Kathleen A. Frazier
          KATHLEEN A. FRAZIER

330503 v1